Ruffin, C. J.
 

 Under the decree made at the hearing of this cause, 1 Ired. Eq. 475, the master reported to the last term the sum due for principal and interest up to the 1st day of January, 1842, for the three last instalments of purchase money; for which the defendant was, by the agreement, to liave given bonds payable the 1st days of January, 1840, 1841 and 1842. The report was confirmed; and a decree made in conformity thereto, that unless the defendant should pay that sum by a certain day named, the land, which
 
 *253
 
 the plaintiffs had conveyed, should be sold for the purpose of raising the same. A sale has been made and reported to this term; but the sum, brought by it, is inadequate to discharge the debt to the plaintiffs. They now move for further directions, and, particularly, for a personal decree against the defendant for the residue of the debt and execution thereof according to the statute.
 

 We are of opinion that, in the state the case is, the plaintiffs are entitled to the directions they ask. The former decree established the agreement between the parties, and that the plaintiffs had executed it by making a deed, and that the defendant had accepted it. The deed was exhibited and proved in the cause; and it contains the usual clause of release for the purchase money. The answer admits that no part of the three last instalments was paid; and that no distinct security was given for them, except the original agreement. Consequently the plaintiffs have no remedy at law for the purchase money.
 
 Brockett
 
 v
 
 Foscue,
 
 1 Hawks 64. That gives a jurisdiction to this court. It is within the ordinary province of Equity to relieve against such a mistake or fraud, as well as to compel a discovery of it. If the defendant had given his bonds or other securities, on which the plaintiffs could have enforced the payment of the purchase money by action at law, this court would not interfere beyond directing a sale of the premises equitably mortgaged.
 
 Fleming
 
 v
 
 Sillon,
 
 1 Dev. & Bat. Eq. 621. Here the plaintiffs have no such securities. They delivered the deed upon an engagement of the defendant, within a few days thereafter, to deposit Gibbs’ bond and his own for the unpaid balance of the purchase money. That he failed to do; and the question is, whether equity will allow him to avail himself of the release obtained by such means, and if not, what the decree against him should be. It is too plain to be questioned, that equity will put the release out of the way.
 
 Crawley
 
 v
 
 Timberlake,
 
 1 Ired. Eq. 346. We are next to enquire as to the extent of the relief. That specifically asked in the bill, on this part of the case, is, that the defendant should assign Gibbs’ bond and give his own bonds with sureties, and that, in default of payment, as the instal-
 
 *254
 
 should fall due, the same should be raised by a sale ^anc*i and t0 this was added a prayer for general relief. Now, it so happened, that before the report and decree, an instalments had become payable. It the defendant had offered his bond, with proper sureties for any instalment not due, the plaintiffs must have accepted it. But he made no such offer, and even now does not offer his bonds, but insists that the plaintiffs can have no further relief, upon the ground that they have no other security but the land. That we have already disposed of, by saying that the plaintiffs shall not be prejudiced by the want of securities, which they lost by surprise or by the fraud of the defendant. Then, do we fulfil our duty by decreeing that the defendant should now execute those bonds? Certainly not. The money is already due, and the sum has been ascertained
 
 to the
 
 satisfaction of the defendant himsel/j who took
 
 no
 
 exception to the report. This court was competent and obliged to ascertain the sum due, in order to know how much should be raised from the land, if it would bring so much. As' there are no existing legal securities for the debt, but the plaintiffs have been deprived of them as stated, equity ought, upon the principle of preventing unnecessary litigation, or for general convenience and the interest of both parties, to decree directly the immediate payment of the money. To order the execution of bonds now, would be nothing more or less than begetting suits, to be determined in other courts, for the very matter which this court has already determined. The decree stands on the same footing with one granting relief, as well as discovery in the case of a lost bond, which is a jurisdiction perfectly established.
 

 Against this additional assistance, however, the defendant renews the objection made on the hearing, that the plaintiffs have not had a survey made, and executed a further deed. Besides what was said before upon it, we may remark that this matter is not even alluded to in the answer, and drops out incidentally in Mr. Lord’s deposition; and it does not therefore appear that the defendant had requested such a survey, or that the plaintiffs had refused. But there is, at present, a further and decisive answer to it, which is,
 
 *255
 
 that the defendant has allowed the land to be sold under the decree, and has now no interest in a survey of it or its more particular identification.
 

 The bill being sufficiently broad in its statements and prayers to embrace the case, as it now appears upon the master’s reports, we think there must be an absolute decree against the defendant for the money heretofore declared to be due, dedú'dting therefrom the proceeds of the sale of the land; and that execution may issue therefor as well as for the costs.
 

 Per Curiam, Decreed accordingly.